```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION
```

REDUS ALABAMA COMMERCIAL,    }
LLC, a Delaware limited      }
liability company,           }
                             }    CIVIL ACTION NO.
    Plaintiff,             }    09-AR-0595-S
                             }
v.                           }
                             }
MPI ASPEN RIDGE, LLC, et al.,}
                             }
    Defendants.            }

## MEMORANDUM OPINION

Wachovia Bank, N.A. ("Wachovia") initially filed this action seeking to recover sums owed to it under certain promissory notes and guarantee agreements executed by defendants, MPI Aspen Ridge, LLC; MPI Aspen Trail, LLC; MPI Aspen Run, LLC; and Daniel J. Miles[1] (collectively "defendants"). On April 2, 2009, the court appointed a receiver to collect rents and manage the properties that secured the promissory notes. (Doc. 15.) On January 14, 2010, Wachovia filed a motion to substitute Redus Alabama Commercial, LLC ("Redus") as the real plaintiff in interest because Wachovia had

---

[1] Daniel J. Miles ("Miles") was not a signatory to any of the promissory notes. He did, however, personally guarantee each of them. On December 9, 2009, an involuntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code was filed against Miles in the United States Bankruptcy Court for the Northern District of Georgia. On December 17, 2009, Miles's bankruptcy was converted into a voluntary bankruptcy under Chapter 11 of the Bankruptcy Code. Accordingly, on January 5, 2010, this court entered an order staying all claims against Miles pursuant to 11 U.S.C. § 362(a) (2006). On February 1, 2010, plaintiff and Miles filed a Joint Stipulation of Dismissal as to Miles. That same day, the court entered an order dismissing the case insofar as it contained claims against Miles without prejudice to plaintiff's right to pursue its claims in the bankruptcy court. The claims against the remaining defendants were unaffected by the said dismissal.

assigned all of its interest in the subject properties to Redus. (Doc. 58-2, at 50-61.)  On January 22, 2010, the court granted Wachovia's motion, and Redus was substituted as plaintiff.  (Doc. 47.)  On February 19, 2010, Redus conducted a foreclosure sale on the subject properties, where it purchased each property "for a credit of the indebtedness secured thereby."  (Doc. 57, at 10 ¶ 31; Doc. 58-2, at 62-78.)  On February 23, 2010, the receivership previously ordered by the court was ordered terminated.  (Doc. 55.) On March 12, 2010, Redus filed its motion for summary judgment seeking a deficiency judgment against the defendants except Miles in the amount of $24,023,829.78 "plus per diem interest accruing from February 22, 2010 at the rate of $2856.43 per day, plus statutory attorneys' fees and other amounts which Plaintiff may be entitled by law."  (Doc. 57, at 20.)  No defendant responded.  For the reasons that follow, Redus's motion will be granted.

## FACTS[2]

---

[2] Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Rule 56(c), F.R. Civ. P.; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing whether the movant has met his burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the non-movant. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)(citations omitted). This determination involves applying substantive law to the substantive facts that have been developed.

In accordance with Rule 56(c), F.R. Civ. P., the narrative statement of facts includes facts that are undisputed by the parties, and where there is a dispute, the facts are presented in the light most favorable to the non-moving party. The application of this rule is complicated when the non-moving party files no response to movant's rendition of the material undisputed facts. How much responsibility does the court have, without any help from the non-movant,

Because defendants have not filed any response to Redus's statement of material facts and evidentiary materials, they are, by definition, undisputed. Accordingly, the court adopts Redus's statement of facts for purposes of its Rule 56 motion. This adoption includes the amounts of the indebtedness and the amounts bid at the foreclosure sale.

## ANALYSIS

As Redus points out, "[p]ursuant to their terms, the Loan Documents are governed by Georgia law." (Doc. 57, at 12 ¶ 36.) Under Georgia law, in an action on a promissory note, a lender, or its assignee, will be entitled to judgement as a matter of law on the note "by producing the promissory note and showing that it was executed" and showing that the borrower is in default of his obligations under the note. *Vandegriff v. Hamilton*, 519 S.E.2d 702, 703 (Ga. Ct. App. 1999). Likewise, a creditor is entitled to judgment as a matter of law on a guaranty contract by producing the executed guaranty agreement showing that the guarantor agreed to pay the debt of the principal debtor in the event of default and showing that the principal debtor is in default of his obligation. *See Tally v. Atlanta Nat. Real Estate Trust*, 246 S.E.2d 700, 702-03

---

to discover disputes of material fact? "The movant 'bears the initial responsibility of informing the district court of the basis of its motion' by identifying those portions of the record that demonstrate the absence of genuine issues of material fact." *Baldwin County, Ala. v. Purcell Corp.*, 971 F.2d 1558, 1563 (11th Cir. 1992) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Thereafter, the burden shifts to the non-movant to produce evidence to rebut this showing. *See Celotex,* 477 U.S. at 324.

(Ga. Ct. App. 1978). A plaintiff is entitled to recover a deficiency judgment on either or both the principal obligation and the guaranty contract where a valid foreclosure sale has been held and the debt has not been completely discharged. *See Kelly v. American Fed. Sav. & Loan Ass'n*, 343 S.E.2d 755, 757 (Ga. Ct. App. 1986). The deficiency is the amount of the indebtedness minus the amount received at foreclosure.

Redus has established its right to a deficiency judgment in the amount prayed for in its motion. It has produced all of the executed promissory notes evincing each defendant's primary obligation, (Doc. 58-1, at 10-34; 57-77; Doc. 58-2, at 1-4; 19-43) and the three executed guaranty agreements showing that each defendant unequivocally agreed to be liable for the "timely payment and performance of all liabilities and obligations of" each of the other defendants in the event of a default. (Doc. 58-1, at 35-50; 58-2, at 5-12.) It is undisputed that all defendants defaulted on their obligations under their respective promissory notes and under their respective guaranty contracts. It is also undisputed what Redus paid for foreclosure at public auction. Accordingly, each defendant is jointly and severally liable to Redus in the amount of $24,023,829.78, which represents the outstanding principal and interest due under each defendant's promissory note, less payments received up until October 10, 2008, less credit due from the foreclosure sale. Additionally, each defendant is jointly and

severally liable to Redus in the amount of $148,534.36, which represents per diem interest in the amount of $2,856.43, which has been accruing since February 22, 2010.

Redus also claims that under the terms of the promissory notes and guaranty contracts it is entitled to an award of attorneys' fees and costs against defendants except Miles. Under Georgia law, a provision in a promissory note or guaranty agreement obligating the debtor to pay attorneys' fees associated with collection of the underlying debt is enforceable provided that "(1) the note's terms include an obligation to pay attorney fees; (2) the debt owed under the note has matured; (3) notice was given to the debtor informing him that if he pays the debt within ten days of the notice's receipt, he may avoid attorney fees; (4) the ten day period has expired without payment of the principal and interest in full; and (5) the debt is collected by or through an attorney." *TermNet Merch. Servs., Inc. v. Phillips*, 588 S.E.2d 745, 747 (Ga. 2003) (citing Ga. Code Ann. § 13-1-11 (1982)).  Once the plaintiff has satisfied the elements of § 13-1-11, "the trial court is without discretion to deny fees."  *Id*.  Section 13-1-11 further provides that:

> If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

5

Ga. Code Ann. § 13-1-11(a)(2) (1982).

Redus's evidentiary submissions clearly show that each of the loan documents and guaranty contracts contains the obligation to pay attorneys' fees and costs. (Doc. 58-1, at 11; 37; 45; 58; Doc. 58-2, at 7; 20.) Additionally, the demand letters sent by Wachovia, Redus's predecessor in interest, clearly state that defendants' obligations to pay on the notes was being accelerated due to non-payment and that defendants would not be liable for attorneys' fees if the obligations were paid within ten (10) days. (Doc. 58-1, at 51-56, Doc. 58-2, at 13-18; 44-49.) Finally, it is undisputed that defendants did not pay within the ten (10) day period and that this action was instituted to recover the sums owed under the promissory notes and guaranty contracts. Accordingly, defendants are jointly and severally liable to Redus for attorneys' fees in the amount of $2,417,261.41. The first $75.00 of said amount represents 15% of the first $500.00 of principal and interest. The remainder of the said amount is equal to 10% of the principal and interest owing in excess of the first $500.00.

## CONCLUSION

For the foregoing reasons, Redus's motion for summary judgment will be granted. A separate order and final judgment will be entered.

DONE this 15th day of April, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE